W. M. SHERRILL v. GRAHAM COUNTY.

(Filed 20 September, 1933.)

**1. Master and Servant B b—**

A contract of hire at a stipulated hourly wage, without reference to the number of hours the employment was to continue, gives the employee no right of action for damages because he was employed a fewer number of hours than other employees engaged at the same time.

**2. Evidence J a—**

Parol evidence at variance with the terms of a written contract is incompetent.

APPEAL by plaintiff from *Clement, J.,* at June Term, 1933, of GRAHAM. Affirmed.

*T. M. Jenkins and R. L. Phillips for appellant.*
*Moody & Moody and Morphew & Morphew for appellee.*

ADAMS, J. The board of commissioners of Graham County made an order for indexing certain records of the county according to the Cott Indexing System and agreed to employ R. O. Sherrill as general supervisor of the work at the rate of forty cents an hour and J. B. Slaughter and the plaintiff as assistants at the rate of thirty cents. After the work had been done the plaintiff instituted this action to recover dam-

ages, alleging that the defendant had failed and refused to keep the plaintiff employed for such time as was allotted to each of the others— that R. O. Sherrill had been engaged in the work 2,361 hours, J. B. Slaughter 1,174 hours, and the plaintiff only 641 hours, for which he had been paid. At the close of the plaintiff's evidence the court dismissed the action as in case of nonsuit. C. S., 567.

The judgment is affirmed. The contract does not impose upon the defendant the necessity of allotting to the employees an equal number of hours for work. Moreover, we find nothing in the record showing a compliance, in reference to the plaintiff's claim, with the County Fiscal Control Act. Public Laws, 1927, chap..146, sec. 15. The parol evidence offered by the plaintiff was at variance with .the written contract and was therefore incompetent. Judgment

Affirmed.